IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD WILLIAMS, JR.,   No. CIV S-09-0721-GEB-CMK-P

    Petitioner,

  vs.   ORDER

A. HEDGPETH,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion entitled "Ex Parte Williams Ask for an Appointment of Counsel or to 'Stay' Petitioner Traverse Until Petitioner Addresses his Medical Condition" (Doc. 18).

    There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel. Further requests for the appointment of counsel will not be considered.

As to petitioner's alternative request for a "stay," this actually appears to be a request for an extension of time to file his traverse due to medical issues. Specifically, petitioner states that he has recently been diagnosed with malignant cancer.[1] Good cause appearing therefor, the court will extend the time for petitioner to file a traverse.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (Doc. 18) is denied;

2. Petitioner's request for an extension of time to file a traverse (Doc. 18) is granted; and

3. Petitioner may file a traverse within 45 days of the date of this order.

DATED: June 24, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner attaches a surgical pathology report from Natividad Medical Center which he states indicated that he has malignant cancer. The report indicates that petitioner's clinical history is "GERD and H. Pilory positive, R/O malignancy." The report further states that ". . . no definite evidence of invasive malignancy is seen." Thus, contrary to petitioner's interpretation of the document, it does not appear that petitioner actually has any kind of malignant cancer.