1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES EDWARD WILLIAMS, JR.,          No. CIV S-09-0721-GEB-CMK-P

12                  Petitioner,

13          vs.                          FINDINGS AND RECOMMENDATIONS

14   A. HEDGPETH,

15                  Respondent.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are petitioner's amended

19   petition for a writ of habeas corpus (Doc. 10), respondent's answer (Doc. 16), and petitioner's

20   reply (Doc. 22).  Also before the court are petitioner's motions for an evidentiary hearing (Docs.

21   15 and 22).

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1

# I. BACKGROUND

Following a jury trial, petitioner was convicted of robbery.  The jury found true the allegation that petitioner personally used a firearm during the commission of the crime. Petitioner was sentenced on October 8, 2004 to the upper term of five years for the robbery, plus an enhancement of 10 years for use of a firearm.  Petitioner received the upper-term sentence based on the trial court's finding that petitioner had numerous prior convictions as an adult.  The California Court of Appeal affirmed the conviction and sentence in a decision issued on February 21, 2006.  The appellate court characterized the sole issue on direct appeal as follows: "On appeal, defendant argues that his upper term consecutive sentence is unconstitutional because he never had a jury trial with respect to the facts used to impose it. . . ."  The California Supreme Court denied direct review on May 10, 2006.[1]  Petitioner did not seek certiorari in the United States Supreme Court.

On March 14, 2007, petitioner filed a habeas corpus petition in the Sacramento County Superior Court.  The state court denied habeas relief in a decision issued on May 10, 2007.  In particular, the court denied some claims as barred by the rule that claims which could have been or were actually raised on direct appeal cannot be relitigated in a post-conviction action.  The court identified the following claims in this category: "claims about the testimony of the eyewitnesses" and "complaints about counsel" relating to counsel's decision to argue that a witness was honestly mistaken in identification of petitioner and counsel's presentation of a "*Trombetta*" motion.  The state court also appears to have addressed an additional claim of ineffective assistance of counsel on the merits by concluding that counsel was not ineffective because "[c]ounsel could not control the police collection of evidence and attack their actions regarding a videotape by motion."  The court also denied a <u>Blakely</u> claim on the merits by

---

[1]     The California Supreme Court's denial of direct review was without prejudice to any relief which might be available after the United States Supreme Court decided the effect of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), on California Law.  Otherwise, the California Supreme Court's denial was not accompanied by any citation or analysis.

1  concluding that the trial court "properly found that defendant should be sentenced to the upper

2  term because of prior convictions."  The court added that the trial court's reference to probation

3  adjustment was harmless error.  Finally, the court rejected petitioner's claim that the firearm

4  enhancement was inapplicable to the facts of his case.

5          Before proceeding to the next higher state court on post-conviction review,

6  petitioner filed a federal habeas petition in this court under case no. CIV-S-07-1101-LEW-GGH-

7  P.  In this petition, petitioner raised only the <u>Blakely</u> claim.  Petitioner sought a stay-and-

8  abeyance order to return to state court to exhaust the following additional claims: (1) ineffective

9  assistance of trial counsel; (2) use of perjured testimony; (3) failure to disclose exculpatory

10  evidence; and (4) ineffective assistance of appellate counsel.  The court denied the request for a

11  stay-and-abeyance motion and dismissed the petition without prejudice as unexhausted.

12          Petitioner then filed a habeas corpus petition in the California Supreme Court on

13  July 22, 2008.  That petition was denied without comment on January 14, 2009.  The instant

14  federal petition was filed on March 16, 2009.

15

16                    **II.  STANDARDS OF REVIEW**

17          Because this action was filed after April 26, 1996, the provisions of the

18  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively

19  applicable.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Calderon v. United States Dist. Ct.</u>

20  <u>(Beeler)</u>, 128 F.3d 1283, 1287 (9th Cir. 1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1099 (1998).  The AEDPA

21  does not, however, apply in all circumstances.  When it is clear that a state court has <u>not</u> reached

22  the merits of a petitioner's claim, because it was not raised in state court or because the court

23  denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal

24  habeas court must review the claim de novo.  <u>See</u> <u>Pirtle v. Morgan</u>, 313 F.3d 1160 (9th Cir.

25  2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach

26  petitioner's claim under its "re-litigation rule"); <u>see also</u> <u>Killian v. Poole</u>, 282 F.3d 1204, 1208

1   (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on

2   perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the

3   evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing

4   petition de novo where state court had issued a ruling on the merits of a related claim, but not the

5   claim alleged by petitioner).  When the state court does not reach the merits of a claim,

6   "concerns about comity and federalism . . . do not exist."  Pirtle, 313 F. 3d at 1167.

7           Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is

8   not available for any claim decided on the merits in state court proceedings unless the state

9   court's adjudication of the claim:

10          (1) resulted in a decision that was contrary to, or involved an
            unreasonable application of, clearly established Federal law, as determined
11          by the Supreme Court of the United States; or

12          (2) resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in the State
13          court proceeding.

14   Thus, under § 2254(d), federal habeas relief is available only where the state court's decision is

15   "contrary to" or represents an "unreasonable application of" clearly established law.  Under both

16   standards, "clearly established law" means those holdings of the United States Supreme Court as

17   of the time of the relevant state court decision.  See Carey v. Musladin, 549 U.S. 70, 74 (2006)

18   (citing Williams, 529 U.S. at 412) .  "What matters are the holdings of the Supreme Court, not

19   the holdings of lower federal courts."  Plumlee v. Masto, 512 F.3d 1204 (9th Cir. 2008) (en

20   banc).  Supreme Court precedent is not clearly established law, and therefore federal habeas

21   relief is unavailable, unless it "squarely addresses" an issue.  See Moses v. Payne, 555 F.3d 742,

22   753-54 (9th Cir. 2009) (citing Wright v. Van Patten, 552 U.S. 120, 28 S. Ct. 743, 746 (2008)).

23   For federal law to be clearly established, the Supreme Court must provide a "categorical answer"

24   to the question before the state court.  See id.; see also Carey, 549 U.S. at 76-77 (holding that a

25   state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not

26   contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice

4

created by state conduct at trial because the Court had never applied the test to spectators'
conduct).  Circuit court precedent may not be used to fill open questions in the Supreme Court's
holdings.  See Carey, 549 U.S. at 74.

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a
majority of the Court), the United States Supreme Court explained these different standards.  A
state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by
the Supreme Court on the same question of law, or if the state court decides the case differently
than the Supreme Court has on a set of materially indistinguishable facts.  See id. at 405.  A state
court decision is also "contrary to" established law if it applies a rule which contradicts the
governing law set forth in Supreme Court cases.  See id.  In sum, the petitioner must demonstrate
that Supreme Court precedent requires a contrary outcome because the state court applied the
wrong legal rules.  Thus, a state court decision applying the correct legal rule from Supreme
Court cases to the facts of a particular case is not reviewed under the "contrary to" standard.  See
id. at 406.  If a state court decision is "contrary to" clearly established law, it is reviewed to
determine first whether it resulted in constitutional error.  See Benn v. Lambert, 283 F.3d 1040,
1052 n.6 (9th Cir. 2002).  If so, the next question is whether such error was structural, in which
case federal habeas relief is warranted.  See id.  If the error was not structural, the final question
is whether the error had a substantial and injurious effect on the verdict, or was harmless.  See id.

State court decisions are reviewed under the far more deferential "unreasonable
application of" standard where it identifies the correct legal rule from Supreme Court cases, but
unreasonably applies the rule to the facts of a particular case.  See Wiggins v. Smith, 539 U.S.
510, 520 (2003).  While declining to rule on the issue, the Supreme Court in Williams, suggested
that federal habeas relief may be available under this standard where the state court either
unreasonably extends a legal principle to a new context where it should not apply, or
unreasonably refuses to extend that principle to a new context where it should apply.  See
Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court

1  decision is not an "unreasonable application of" controlling law simply because it is an erroneous

2  or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade, 538 U.S. 63,

3  75-76 (2003).  An "unreasonable application of" controlling law cannot necessarily be found

4  even where the federal habeas court concludes that the state court decision is clearly erroneous.

5  See Lockyer, 538 U.S. at 75-76.  This is because "[t]he gloss of clear error fails to give proper

6  deference to state courts by conflating error (even clear error) with unreasonableness."  Id. at 75.

7  As with state court decisions which are "contrary to" established federal law, where a state court

8  decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless

9  unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

10          The "unreasonable application of" standard also applies where the state court

11  denies a claim without providing any reasoning whatsoever.  See Himes v. Thompson, 336 F.3d

12  848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000).   Such decisions

13  are considered adjudications on the merits and are, therefore, entitled to deference under the

14  AEDPA.  See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982.

15  The federal habeas court assumes that state court applied the correct law and analyzes whether

16  the state court's summary denial was based on an objectively unreasonable application of that

17  law.  See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

18

19                                   **III.  DISCUSSION**

20          In his petition, petitioner raises the following four claims: (1) the prosecution's

21  witness, Nancy Waraich, offered perjured testimony; (2) trial counsel was ineffective with

22  respect to handling of Ms. Waraich's testimony; (3) the prosecution suppressed exculpatory

23  evidence; and (4) imposition of the upper-term sentence violated Blakely.  Respondent concedes

24  that all of petitioner's claims are exhausted, but argues that claims 1, 2, and 3 are untimely and,

25  / / /

26  / / /

1  as to all claims, that petitioner is not entitled to relief on the merits.[2]  Respondent also argues that

2  petitioner is not entitled to an evidentiary hearing on any claim.

3       A.       **Statute of Limitations (Claims 1, 2, and 3)**

4            Federal habeas corpus petitions must be filed within one year from the later of: (1)

5  the date the state court judgment became final; (2) the date on which an impediment to filing

6  created by state action is removed; (3) the date on which a constitutional right is newly-

7  recognized and made retroactive on collateral review; or (4) the date on which the factual

8  predicate of the claim could have been discovered through the exercise of due diligence.  See 28

9  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

10 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

11 review.  See 28 U.S.C. § 2244(d)(1).

12            Where a petition for review by the California Supreme Court is filed and no

13 petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

14 begins running the day after expiration of the 90-day time within which to seek review by the

15 United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

16 Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

17 limitations period begins to run the day after certiorari is denied or the Court issued a merits

18 decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

19 review by the California Supreme Court is filed, the conviction becomes final 40 days following

20 the Court of Appeal's decision, and the limitations period begins running the following day.  See

21 Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

22 conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

23 limitations period begins running the following day.  If the conviction became final before April

24 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the

25 _____

26  [2]       Respondent does not argue that petitioner's Blakely claim is untimely.

7

1   day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th

2   Cir. 1999).

3              The limitations period is tolled, however, for the time a properly filed application

4   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

5   "properly filed," the application must be authorized by, and in compliance with, state law.  See

6   Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

7   DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

8   state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

9   and the failure to comply with those time limits precludes a finding that the state petition is

10  properly filed).  A state court application for post-conviction relief is "pending"during all the

11  time the petitioner is attempting, through proper use of state court procedures, to present his

12  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

13  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

14  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

15  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

16  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

17  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

18  untimely, the federal court must independently determine whether there was undue delay.  See id.

19  at 226-27.

20             In this case, petitioner did not file a petition for a writ of certiorari in the United

21  States Supreme Court.  Therefore, his conviction became final on August 8, 2006 (90 days after

22  the California Supreme Court denied direct review on May 10, 2006).  The one-year limitations

23  period began to run the following day – August 9, 2006 – and, absent tolling, expired on August

24  9, 2007.  Respondent concedes that petitioner is entitled to statutory tolling for the 58 days

25  between the filing of petitioner's first post-conviction action in state court on March 14, 2007,

26  and the denial of that action on May 10, 2007.  The court agrees that petitioner is not entitled to

1  any tolling for the time his prior federal habeas action was pending in this court.  With allowable

2  statutory tolling, the limitations period expired on October 6, 2007.[3]  Because this case was filed

3  in 2009, the petition is untimely.[4]

4  **B.**   **Imposition of Upper-Term Sentence (Claim 4)**

5  Petitioner argues that imposition of the upper-term sentence violated <u>Blakely</u>.[5]

6  This claim was addressed by the state court before the United States Supreme Court decided in

7  <u>Cunningham v. California</u>, 549 U.S. 270 (2007), that California's sentencing scheme under the

8  former determinate sentencing law was unconstitutional because it allowed imposition of upper-

9  term sentenced based on facts found by a judge and not a jury.  However, the Court continued to

10  recognize that a sentence may be enhanced based on prior convictions and that the fact of the

11  prior convictions need not be determined by a jury.  This exception was originally articulated in

12  <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and was present in all its progeny, including

13  <u>Blakely</u> and <u>Cunningham</u>.  In this case, petitioner was sentenced to the upper term for the robber

14  offense because the trial court concluded that he had numerous prior convictions as an adult.[6]

15  / / /

16  / / /

17  / / /

18  / / /

19  

20  [3]      Petitioner is not entitled to tolling for the time his second post-conviction petition was pending in the California Supreme Court because it was filed after the one-year limitations period ended.

21  

22  [4]      Petitioner does not address respondent's timeliness argument.

23  [5]      Petitioner does not challenge imposition of the firearm enhancement, nor could he because the jury, not the judge, found true the special allegation underlying this enhancement.

24  [6]      To the extent petitioner argues that the trial court erred in imposing consecutive sentences, that argument has no merit.  In <u>Oregon v. Ice</u>, the Supreme Court held that the rule of

25  <u>Apprendi</u> and its progeny does not prohibit states from assigning to judges, rather than juries, the task of finding facts necessary to impose consecutive sentences for multiple offenses.  <u>See</u> 129

26  S.Ct. 711, 718 (2009).

1        **C.      Evidentiary Hearing**

2                Petitioner has requested that the court conduct an evidentiary hearing "based on

3        the Sacramento Police Department and the D.A.'s Office failure to take into evidence the

4        surveillance tape of a reported crime . . .[o]r to make aware the existence of any such evidence

5        until the tape was destroyed."  An evidentiary hearing is required if:  (1) the petitioner's

6        allegations would, if true, entitle the petitioner to relief; and (2) the state court has not, after a full

7        and fair hearing, reliably found the facts.  See Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir.

8        1997).  Otherwise, whether to hold an evidentiary hearing is within the discretion of the court.

9        See Townsend v. Smith, 372 U.S. 293, 313, 318 (1963).  An evidentiary hearing is not

10       appropriate where there are no disputed material facts or where the claims present purely legal

11       questions.  See Harris v. Pulley, 885 F.2d 1354, 1378 (9th Cir. 1988).

12               The court agrees with respondent that an evidentiary hearing is not warranted in

13       this case.  As discussed above, claims 1, 2, and 3 are untimely (indeed, the entire petition is

14       untimely) and it is clear from the existing record that petitioner is not entitled to relief on claim 4.

15       Thus, there either are no disputed facts (claim 4) or the claims can be resolved as a matter of law

16       (claims 1, 2, and 3).

17       / / /

18       / / /

19       / / /

20       / / /

21       / / /

22       / / /

23       / / /

24       / / /

25       / / /

26       / / /

**IV.  CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1.      Petitioner's requests for an evidentiary hearing (Docs. 15 and 22) be denied; and

2.      Petitioner's amended petition for a writ of habeas corpus (Doc. 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  November 20, 2009

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

11